IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTIE CELLUCCI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| ANDREW SAUL, Commissioner of | : | |
| Social Security | : | NO.  20-1085 |

## MEMORANDUM AND ORDER

ELIZABETH T. HEY, U.S.M.J.                                                                October 13, 2020

Christie Cellucci ("Plaintiff") seeks review of the Commissioner's decision denying her claim for Disability Insurance Benefits ("DIB").  For the following reasons, I will grant the Defendant's uncontested motion for remand and remand the case to the Defendant for consideration by a properly appointed Administrative Law Judge ("ALJ") other than the one who originally considered Plaintiff's claim.

## I.    PROCEDURAL HISTORY

Plaintiff was born on November 1, 1974, and she applied for DIB on February 17, 2016, alleging disability as of April 1, 2014, due to breast cancer, mycobacterium, severe depression, and hypercoagulation.  Tr. at 96, 176-79, 221.[1]  After her claim was denied initially, id. at 105-09, she requested a hearing before an ALJ, id. at 112-13, which took place on April 20, 2018.  Id. at 39-83.  On August 21, 2018, the ALJ denied Plaintiff's

---

[1]In her decision, the ALJ found that Plaintiff suffered from the severe impairments of status post chronic micro bacterium with cellulitis and recurrent wound infections, headaches with artery occlusion, peripheral neuropathy, morbid obesity, affective disorder and anxiety disorders.  Tr. at 17; see also id. at 526-29 (consultative examination report of Daniel Goldman, M.D.).

claim. Id. at 15-30. On January 3, 2020, the Appeals Council denied Plaintiff's request for review, id. at 1-3, making the ALJ's August 21, 2018 decision the final decision of the Commissioner. 20 C.F.R. § 404.981.

Plaintiff initiated this action by filing her complaint on February 26, 2020. Doc. 2. Plaintiff submitted her brief in support of her request for review, and in response Defendant filed his unopposed motion for remand. Docs. 16 & 17.[2]

## II.  DISCUSSION

Plaintiff's sole argument is that the ALJ who considered her case was not properly appointed under the Appointments Clause and thus lacked the authority to preside and issue a decision. Doc. 16 at 4-7 (citing Lucia v. SEC, 138 S. Ct. 2044 (2019)). The Commissioner apparently agrees, as he has requested remand to allow further evaluation of Plaintiff's claims, including a new administrative hearing before a different ALJ. Doc. 17. After reviewing the Plaintiff's brief, Defendant's motion, and the administrative record, I will grant Defendant's unopposed motion for remand and require that the case be considered by an ALJ other than the one who previously considered Plaintiff's claims.

Earlier this year, the Third Circuit ruled that a Lucia claim is not waived even if it was not raised at the administrative level, and that to remedy a Lucia error the court must remand to a properly appointed ALJ other than the ALJ whose decision is under review.

---

[2]Defendant consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). See Standing Order, In RE: Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018). Plaintiff is deemed to have consented based on her failure to file the consent/declination form. Docs. 3, 7, 10.

<u>See</u> <u>Cirko v. Comm'r of Soc. Sec.</u>, 948 F.3d 148, 159-60 (3d Cir. 2020).  Although the Commissioner does not address this claim in his motion, he does not dispute Plaintiff's representation that the ALJ was not properly appointed and states that the case should be referred to a different ALJ.  Doc. 17 at 1.  Thus, the case must be remanded and reassigned.

### III.   **CONCLUSION**

Under these circumstances, I will grant the Defendant's unopposed motion for remand.  In accordance with <u>Cirko</u>, I will require that the case be considered by a different ALJ.

An appropriate Order and Judgment Order follow.